# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS
*San Antonio Division*

| | |
|---|---|
| MARIA LINDA MORA;<br>　Natalia, TX 78059<br>MUSTAPHA OUKASSI,<br>　East Ait Abdoune Boumalne Dades<br>　Tinghir, Morocco 45000<br><br>　　　　　　Plaintiff(s)<br><br>　　　　v.<br><br>KRISTI NOEM, in her official capacity,<br>Secretary, U.S. Department of Homeland<br>Security;<br>ANGELICA ALFONSO-ROYALS, in her<br>official capacity, Director, U.S. Citizenship and<br>Immigration Services;<br>　2707 Martin Luther King Jr. Ave, SE<br>　Washington, DC 20528-0485<br><br>PAM BONDI, in her official capacity,<br>Attorney General, Office of Attorney General,<br>U.S. Department of Justice;<br>　950 Pennsylvania Avenue, NW<br>　Washington, DC 20530-0001<br><br>MARCO RUBIO, in his official capacity,<br>Secretary, U.S. Department of State;<br>　U.S. Department of State<br>　2201 C St. NW<br>　Washington, DC 20520<br><br>SHANE MYERS, in his official capacity,<br>Principal Deputy Assistant Secretary,<br>Bureau of Consular Affairs,<br>AIMEE CUTRONA, in her official capacity,<br>Chargée d'Affaires, United States<br>Consulate General, Casablanca, Morocco;<br>JOHN DOE, in his official capacity, Consular<br>Officer, U.S. Consulate General, Casablanca,<br>Morocco,<br>　U.S. Department of State | Civil Action No. 5:25-cv-652 |

|  |  |
|---|---|
| 2201 C St. NW | ) |
| Washington, DC 20520 | ) |
|  | ) |
| Defendant(s). | ) |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road, Ste. 630, Rolling Meadows, IL 60008, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com

### INTRODUCTION

COME NOW MARIA LINDA MORA (hereinafter "Plaintiff MORA" or collectively "Plaintiffs") and MUSTAPHA OUKASSI (hereinafter "Plaintiff OUKASSI" or collectively "Plaintiffs"), Plaintiffs by and through the undersigned attorney, in the above cause, and state as follows:

1. Plaintiff MORA is the U.S. citizen fiancée of Plaintiff OUKASSI, a citizen of Morocco. On April 29, 2022, Plaintiff MORA lawfully filed Form I-129F, Petition for Alien Fiance(e) (hereinafter "Petition") with the United States Citizenship and Immigration Services (hereinafter "USCIS"). The Form I-129F was approved on May 25, 2023.

2. Following the approval of the Form I-129F Petition, Plaintiff MORA's approved Form I-129F Petition was sent to the Department of State's National Visa Center ("NVC") and received by NVC in or around August 2023.

3. Plaintiff OUKASSI properly and completely submitted his Form DS-160 on October 25, 2023, and thereafter attended his visa interview with the U.S. Consulate General in Casablanca, Morocco, on May 28, 2024. On May 28, 2024, the same day as the interview, Plaintiff was given

a notice informing him that the case would be placed in administrative processing pending further review.

4.      Shortly thereafter, Plaintiffs were informed that the approved Form I-129F Petition was being returned to NVC in order to be sent back to USCIS for reconsideration.

5.      Plaintiff MORA's Form I-129F was valid from May 25, 2023, through September 24, 2023. However, Defendants allowed the approved Petition to lapse without revalidation, given the significant delay following its return to the National Visa Center (NVC) and subsequently to USCIS. This intentional delay constitutes a violation of Plaintiff MORA's due process rights.

6.      Plaintiffs have been denied the opportunity to address or challenge the Consular Officer's concerns regarding Plaintiff OUKASSI's eligibility for the K-1 visa.

7.      This action is brought as a result of Respondents' failure to adjudicate Plaintiff MORA's Fiancé(e) Visa Petition (hereinafter "Petition") and Plaintiff OUKASSI's Immigrant Visa Application (hereinafter "Application") in accordance with the governing laws and regulations.

8.      Additionally, Defendants' failure to timely return Plaintiff MORA's approved Form I-129F Petition to USCIS, has deprived Plaintiffs of the opportunity to contest the Consular Officer's concerns regarding Plaintiff OUKASSI's eligibility for the requested immigration benefit.

9.      Plaintiffs have a clear right to rebut the Consular Officer's determination regarding Plaintiff OUKASSI's eligibility, and challenge the delay in returning Plaintiff MORA's approved Form I-129F Petition to USCIS within a timely manner.

10.     The failure to act on Plaintiff MORA's approved Form I-129F Petition and return the approved Form I-129F to USCIS prior to its expiration and the failure to issue a Notice of Intent to Revoke, has caused undue hardship to Plaintiff MORA and Plaintiff OUKASSI who remain

unable to marry because Plaintiff OUKASSI cannot travel to the United States under the K-1 Fiancé(e) Visa classification.

11.     Defendants cannot reasonably rely on COVID-19 as a justification for their failure to return the approved Form I-129F Petition to USCIS within a timely manner, as there were no in-person interactions required for the timely return of the approved Petition. Accordingly, COVID-19-related issues do not constitute a valid defense for the failure to act before the Petition's validity expired.

12.     Defendants acted in violation of Plaintiff MORA's due process rights by returning her approved Form I-129F petition to USCIS without taking the necessary steps to preserve its validity. By allowing the approved petition to expire, Defendants effectively denied Plaintiff the opportunity to challenge or rebut the Consular Officer's concerns regarding her fiancé's eligibility for a K-1 visa. This failure not only undermined the procedural safeguards afforded to Plaintiff under the law but also deprived her of a meaningful opportunity to be heard in connection with a petition that had already been adjudicated in her favor.

13.     Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq., and the Fifth Amendment Due Process Clause of the Constitution as it pertains to Plaintiff MORA's rights. As such, this action is brought to compel Defendants to reopen, approve and revalidate Plaintiff MORA's Fiancé(e) Visa Petition.

## PARTIES

14.     Plaintiff MARIA LINDA MORA is a U.S. citizen, and for purposes of the instant case, she is a resident of Medina County, Texas. She is the Petitioner of an approved Form I-129F Petition for Alien Fiance(e), naming her fiancé, Plaintiff OUKASSI, as the named beneficiary.

15. Plaintiff MUSTAPHA OUKASSI is a citizen and resident of Morocco. He is the beneficiary of an approved Form I-129F, Petition for Alien Fiance(e), filed by his U.S. citizen fiancée, Plaintiff MORA. The approved Form I-129F Petition allows beneficiary qualification for Plaintiff OUKASSI to apply for a non-immigrant visa to travel to the United States in order to marry Plaintiff MORA within 90 days of his arrival. Plaintiff OUKASSI is the applicant of a pending non-immigrant visa application.

16. Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

17. Defendant ANGELICA ALFONSO-ROYALS is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity

18. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

19. Defendant MARCO RUBIO is the duly appointed Secretary of the United States Department of State (hereinafter "DOS"). He is the head of the Department of State and is responsible for setting and overseeing implementation of the policies and procedures employed by the U.S. Department of State and all its various subdivisions, including the Bureau of Consular Affairs, U.S. Embassies This action is filed against him in his official capacity.

20.     Defendant SHANE MYERS is the Principal Deputy Assistant Secretary, for the Bureau of Consular Affairs. As Assistant Secretary, he is responsible for setting and overseeing implementation of the policies and procedures employed by the Bureau of Consular Affairs. This action is filed against him in his official capacity.

21.     Defendant AIMEE CUTRONA is the Chargée d'Affaires of the United States Consulate General in Casablanca, Morocco. She is the principal officer in charge of the Consulate General. This action is filed against her in her official capacity.

22.     Defendant JOHN DOE is a Consular Officer at the United States Consulate General in Casablanca, Morocco. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction to hear this complaint, and the claims stated herein by virtue of 28 U.S.C. §§ 1331, and § 1361 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*

24.     Venue is proper in the District Court for the Western District of Texas pursuant to 28 U.S.C. § 1391(e) in that this is the district in which Plaintiff MORA resides, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

25.     Plaintiffs repeatedly requested the Defendants to provide them with an update on the status of Plaintiff OUKASSI's visa application. Furthermore, Plaintiff initiated numerous inquiries with USCIS, NVC, and the U.S. Consulate General in Casablanca, Morocco, all to no avail.

26.     Plaintiffs have exhausted their administrative remedies.

27.     There are no further administrative remedies available for Plaintiffs to utilize.

## STATUTORY BACKGROUND

28. To obtain lawful permanent resident status, the fiancé(e) of a U.S. citizen must first secure a K-1 visa from a U.S. Embassy or Consulate abroad. This process begins with the U.S. citizen filing Form I-129F (Petition for Alien Fiancé(e)) with the Department of Homeland Security (DHS), through U.S. Citizenship and Immigration Services (USCIS). See 8 U.S.C. § 1184(d); 8 C.F.R. § 214.2(k)(1). Approval of a K-1 petition requires that the couple has met in person within the two years preceding the petition's filing and that they intend to marry within 90 days of the foreign fiancé(e)'s entry into the United States. 8 U.S.C. § 1184(d)(1).

29. Once approved, a K-1 petition is valid for four months. 8 C.F.R. § 214.2(k)(5). Consular officers have the discretion to extend the four-month validity period of the underlying Petition, an authority frequently exercised by consular officers given the significant delay in adjudicating these visa applications.

30. Recognizing the unique status of U.S. citizens' spouses and fiancé(e)s in immigration law, Congress has established a policy requiring the State Department to process all visa applications for a U.S. citizen's spouse or K-1 fiancé(e) within 30 days of receiving all required documentation from both the applicant and USCIS. See 8 U.S.C. § 1201 note 6; Act of Sept. 30, 2002, Pub. L. 107-228, Div. A, Title II, Subtitle C, § 233, 116 Stat. 1373.

31. In general, non-immigrant visas requiring prior USCIS approval are processed using less formal and less document-intensive procedures compared to immigrant visas. However, although the K-1 visa is categorized as non-immigrant, the State Department treats it as though it were an immigrant visa. As a result, K-1 visas are only issued at select consular posts designated to handle immigrant visa processing, concentrating these applications at a limited number of Embassies and Consulates.

32.  If, based on the visa application or supporting documents, a consular officer determines that a K-1 applicant is ineligible for a visa; the officer is required to refuse issuance pursuant to 8 U.S.C. § 1201(g). Following such a refusal, State Department policy directs that the K-1 petition be returned to the National Visa Center (NVC) with a recommendation for revocation. See 9 FAM 41.81 N.6.5.

33.  If the K-1 petition is denied, DHS/USCIS shall explain in writing the specific reasons for denial and notify the petitioner of the right to appeal. Denials of K-1 petitions may be appealed to the Administrative Appeals Office ("AAO"), by submitting within 30 days of the decision a Notice of Appeal form (Form I-290B) with the Service Center that denied the petition. 8 C.F.R § 103.3(a)(2)(i).

34.  Despite routinely informing petitioners and beneficiaries that they will have an opportunity to rebut such findings, the State Department is aware that this representation is false and misleading, and applicants are deprived of an opportunity to rebut the consular officer's findings because the approved petition is allowed to expire without USCIS issuing a Notice of Intent to Revoke (NOIR).

35.  After a petition is returned, the National Visa Center (NVC) forwards it to the USCIS, which will then send it to the USCIS office that originally processed the petition. However, DHS/USCIS/CSC routinely delays action on these returned K-1 petitions for six months or longer—sometimes over a year. USCIS regularly declines to take any further steps, citing the four-month validity period set forth in 8 C.F.R. § 214.2(k)(5), and asserting that the petition has expired due to delays caused by the agencies themselves. As a result, USCIS fails to review the returned petitions and does not afford petitioners an opportunity to rebut the consular officer's findings or to appeal the agency's failure to act.

**FACTUAL ALLEGATIONS**

36.     Plaintiff OUKASSI is the beneficiary of an approved I-129F, Petition for Alien Fiancé(e), and as such qualifies for the issuance of a non-immigrant visa in order to be able to be able to travel to the United States and marry his fiancée, Plaintiff MORA. **[Exhibit A]**.

37.     On or around August 29, 2023, the approved Form I-129F, Petition for Alien Fiancé(e) was sent to the National Visa Center (hereinafter "NVC") and Plaintiffs received the welcome email from the NVC.

38.     On October 25, 2023, Plaintiff OUKASSI properly submitted his Form DS-160 Online Non-Immigrant Visa Application through the Department of State's Consular Electronic Application Center. **[Exhibit B]**.

39.     Following the submission of his Form DS-160 and other required civil documents, Plaintiff OUKASSI was scheduled for an immigrant visa interview at the U.S. Consulate General in Casablanca, Morocco.

40.     On May 28, 2024, Plaintiff OUKASSI appeared at the U.S. Consulate General in Casablanca, Morocco, for an immigrant visa interview. At the conclusion of the interview, Plaintiff was informed that his case was being placed under 221(g) administrative processing.[1] **[Exhibit C]**.

---

[1] Plaintiffs' claim is not barred by the doctrine of consular nonreviewability. (See, *Nine Iraqi Allies v. Kerry*, 168 F. Supp. 3d 268, 288 (D.D.C. 2016); where the Court concluded that administrative processing constituted a required *interim* step . . . occurring after the interview and preceding the medical examination, yet it did not represent a final decision. (Id. at 284-85). Furthermore, the Court noted that where applicants were subject to multi-step processing then this did not constitute a final refusal (decision). *Id.; See also, Afghan & Iraqi Allies v. Pompeo*, No. 18-cv-1388, 2019 WL 367841, at *9-10 (D.D.C. Jan. 30, 2019) (Court reviewed evidence showing DOS policy "mandates administrative processing" after the interview; a "mandatory intermediate step" rather than a final refusal); See also, *Al Gharawy*, 2022 WL 2966333, at *9 (INA § 221(g); *Patel v. Reno,* 134 f.3d 929, 931 (9 th Cir. 1997) (finding that a [221(g) "refusal" under 22 C.F.R. § 41.121(a) is not final).

41. Thereafter, Plaintiffs were informed that the approved Petition was being returned to NVC for being sent back to USCIS.

42. Plaintiffs were profoundly distressed upon learning that the consular officer had chosen to return the approved Form I-129F petition to the National Visa Center, thereby triggering a process that could ultimately lead to the revocation of Plaintiff MORA's petition.

43. On September 25, 2025, Plaintiff OUKASSI received written communication from U.S. Consulate General in Casablanca, Morocco, informing him that it was unable to revalidate Plaintiff MORA's Form I-129F K1 visa Application, and would be returning it to the NVC for transfer back to USCIS. Furthermore, Plaintiff was informed that by the time USCIS receives the returned Petition it would have expired.

44. Neither Plaintiff MORA nor her fiancé, Plaintiff OUKASSI, were given any opportunity to contest the Consular Officer's decision to return the approved Form I-129F petition to the National Visa Center (NVC) or subsequently to USCIS. Moreover, as a result of Defendants' own delay in transmitting the approved petition back to the NVC and then to USCIS, Plaintiff MORA's approved Form I-129F petition expired before any further action could be taken.

45. The State Department has consistently failed to either issue K-1 visas to the fiancé(e)s of U.S. citizens or to timely notify petitioners and beneficiaries that the approved petition will be returned to DHS/USCIS following the consular interview. This systemic delay undermines Congress's clear intent to afford fiancé(e)s of U.S. citizens expedited processing and preferential treatment, resulting in unreasonable and unjustified delays across the entire K-1 visa process.

46. On March 12, 2025, Plaintiff MORA received written communication from USCIS informing her that the validity period of her approved Form I-129F had expired.

47. Plaintiffs have endured significant emotional distress as a result of the prolonged and unjustified delay, as well as the mishandling of Plaintiff MORA's Form I-129F petition. They have been denied any meaningful opportunity to challenge or rebut the Consular Officer's decision to return the approved petition to the National Visa Center and subsequently to USCIS.

48. Plaintiff OUKASSI has been compelled to remain separated from his U.S. citizen fiancée, Plaintiff MORA. In addition, Plaintiff MORA has been deprived of her right as a U.S. citizen to have Plaintiff OUKASSI enter the United States for the purpose of marrying her within the required 90-day period and subsequently adjusting his status to that of a lawful permanent resident.

## COUNT I

### VIOLATION OF THE APA- FAILURE TO REMAND PREVIOUSLY APPROVED FORM I-129F TO USCIS WITHIN THE VALIDITY PERIOD AND ISSUE NOTICE OF INTENT TO REVOKE ("NOIR")

49. All prior paragraphs are re-alleged as if fully stated herein.

50. Defendants, the U.S. Consulate General in Casablanca, Morocco, had a duty to return the previously approved petition to USCIS with its memorandum explaining their recommendation for revocation of the previously approved petition pursuant to 8 CFR 205.2.

51. Pursuant to 8 C.F.R. § 205.2(a), (b), Defendants had a duty to Plaintiffs to provide Plaintiffs with sufficient notice and information to respond to an NOIR. *See* 8 C.F.R. 214.2(h)(11)(iii)(B); 8 C.F.R. § 103.2(b)(8)(iv); 8 C.F.R. 103.8(b).[2]

52. The APA authorizes a court to hold unlawful and set aside agency action that is "arbitrary" or "capricious." 5 U.S.C. § 706(2)(A). Defendants conduct in the instant case is both.

53. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

---

[2] Under 8 C.F.R. § 103.2(b)(8)(iv), Petitioners have a maximum of 30 days to respond to a NOIR, and pursuant to § 103.8(b), Plaintiffs will have an additional three days to respond if USCIS issues the notice via mail.

11

54.     No other adequate remedy is available to Plaintiffs.

55.     Defendants have failed in their duties to provide Plaintiffs sufficient and adequate information of their intent to revoke the Form I-129F Petition, and have failed to give sufficient notice and time to allow Plaintiffs the opportunity to respond to the NOIR, effectively depriving Plaintiffs the opportunity to rebut the concerns of the Consular Officer.

56.     Defendants failure to comply with 8 CFR 205.2, necessarily means that it has also failed in its duty to complete the adjudicative process by failing to either issue a revocation or revalidate the approved petition prior to the expiration of its validity period.

57.     Defendants' actions in this case are, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiff MORA's rights.

58.     Defendants have violated the Administrative Procedure Act, 5 U.S.C. § 701 et seq., as they have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

## COUNT II

## VIOLATION OF DUE PROCESS- USCIS AND DOS

59.     All prior paragraphs are re-alleged as if fully stated herein.

60.     Plaintiffs have a constitutionally protected interest in the adjudication of the Form I-129F petition and in the procedural fairness of the K-1 visa process.

61.     The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the federal government from depriving any person of liberty or property without due process of law.

62.     By failing to provide Plaintiffs with notice and an opportunity to respond to the consular

officer's findings, and by withholding review or adjudication of the returned petition, Defendants have violated Plaintiffs' due process rights under the Fifth Amendment. Furthermore, by failing to furnish Plaintiff OUKASSI with a facially legitimate, factually supported, and legally sufficient explanation for the visa refusal—or for the return of the petition to USCIS—the Defendants, specifically the U.S. Consulate General, have infringed upon Plaintiff MORA's due process rights.

63. Defendants' conduct deprives Plaintiffs of any meaningful opportunity to contest the Consular Officer's adverse findings or obtain final adjudication of their petition.

64. Defendants had sufficient time to return the approved Petition to NVC and thereafter USCIS allowing Plaintiffs an opportunity to rebut the Consular Officer's decision to return the approved Form I-129F Petition.

65. Given the Defendants' lack of a reason for not returning Plaintiff MORA's approved Petition within a reasonable period of time, thereby allowing the validity period of the approved Petition to expire, Defendants have deprived Plaintiff MORA of her due process rights.

66. In addition, as a result of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees. As a result of Defendants' actions, the lives of Plaintiff MORA and Plaintiff OUKASSI remain in limbo, as Plaintiff MORA has been denied the right to marry and reside with Plaintiff OUKASSI in the United States.

## COUNT III

## VIOLATION OF THE APA FAILURE TO FOLLOW PROCEDUE UNDER 8CFR § 205

67. All prior paragraphs are re-alleged as if fully stated herein.

68. Plaintiff has a statutory right to apply for a fiancé(e) visa pursuant to 8 U.S.C. §1184(d).

69. Defendants have a duty to comply with the procedures outlined under 8 CFR § 205 regarding the revocation of approval of petitions.

70.     The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

71.     No other adequate remedy is available to Plaintiff.

72.     Given the Defendants' failure to send the approved Form I-129F Petition back to USCIS in accordance with procedural requirements pursuant to 8 CFR § 205, Defendants have grossly mishandled Plaintiffs' case.

73.     Defendants have failed in their statutory duty to send the approved Form I-129F Petition, back to USCIS along with their memorandum explaining why Plaintiff OUKASSI is ineligible for the requested immigration benefit.

74.     Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law, and in violation of Plaintiff MORA's due process rights pertaining to her familial choices. Defendants have willingly failed to comply with the statutory requirements for the appropriate handling of Plaintiff MORA's approved Form I-129F Petition, thereby grossly mishandling the case by failing to send the approved Form I-129F Petition packet back to USCIS prior to the expiration of its validity period, effectively depriving Plaintiffs of their right to a fair adjudication of their case.

75.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and now significant attorney's fees; in effect, Plaintiffs lives are on hold due to Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain for Defendants to revalidate the Form I-129F Petition, and if applicable, issue a Notice of Intent to Revoke.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to review and revalidate Plaintiff MORA's Form I-129F petition, and if applicable, issue a Notice of Intent to Revoke immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date: June 11, 2025                                      Respectfully submitted,

    /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq.**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Ste. 630**
**Rolling Meadows, IL 60008**
sadaf@jeelani-law.com
**Phone:(312) 767-9030**
**Fax: (312) 549-9981**
*Counsel for Plaintiffs*